IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ROSALYN BASSETT, as the administratrix and personal representative of the estate of TERRY BASSETT, SR., <br><br>Plaintiffs, <br><br>Vs. <br><br>KENNETH BRELAND; and GEICO CASUALTY COMPANY, <br><br>Defendants. | CASE NO.: 2:05CV1183 <br><br>JURY DEMAND |

## COMPLAINT

### Statement of the Parties

1. Plaintiff Rosalyn Bassett is over the age of nineteen years and a citizen of the State of Alabama and has been appointed the administratrix and personal representative of the estate of Terry Bassett, Sr.

2. Defendant Kenneth Breland is over the age of nineteen years and a citizen of the State of Mississippi.

3. Defendant Geico Casualty Company (hereinafter referred to as "Geico") is a foreign corporation and is a citizen of the State of Maryland.

4. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1332.

### Statement of Facts

5. On March 11, 2005, Terry Bassett, deceased, was driving his van south on Alabama Highway 183 at or near the city limits of Uniontown, Alabama.

6. On the same date and time, Defendant Breland was driving his pick-up truck with a horse trailer attached to it, north on Alabama Highway 183.

7. At some time prior to meeting Mr. Bassett's vehicle, the awning which was attached to the Defendant's horse trailer, became unattached on one end.

8. The end of the awning that became unattached was suspended in mid-air into the southbound lane of Alabama Highway 183.

9. The suspended awning from Defendant Breland's horse trailer struck and killed Terry Bassett as he operated his van.

10. Defendant Geico issued a policy of automobile insurance to deceased, Terry Bassett, which contained an underinsured motorist provision.

11. This accident is brought pursuant to §6-5-410 Code of Alabama (1975).

## COUNT ONE

### Negligence

12. Plaintiff realleges paragraphs 1 through 11 of the Complaint as if set out here in full.

13. At the said time and place, Defendant negligently operated his vehicle with actual or constructive notice that the awning was suspended in the southbound lane of Alabama Highway 183 and caused a hazardous condition for drivers in the southbound lane and/or negligently failed to properly secured the awning to prevent it from becoming unattached and creating a hazardous condition for drivers using the public highways.

14. As approximate consequence of Defendant Breland's negligence, Terry Bassett was killed.

WHEREFORE, Plaintiff Rosalyn Bassett demands judgment against Defendant Breland in such an amount of punitive damages as a jury may award, plus her costs and expenses which she shall occur as a result of this accident.

## COUNT TWO

### Wantonness

15. Plaintiff Bassett realleges paragraphs 1 through 14 of the Complaint as if set out here in full.

16. At the said time and place, Defendant wantonly operated his vehicle with actual or constructive notice that the awning was suspended in the southbound lane of Alabama Highway 183 and caused a hazardous condition for drivers in the southbound lane and/or wantonly failed to properly secured the awning to prevent it from becoming unattached and creating a hazardous condition for drivers using the public highways.

17. As a proximate consequence of Defendant Breland's wantonness, Plaintiff Bassett was killed.

WHEREFORE, Plaintiff Bassett demands judgment against Defendant Breland in such an amount of punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this accident.

## COUNT THREE

### Underinsured Motorist

18. Plaintiff Bassett realleges 1 through 17 of the Complaint as if set out here in full.

19. Defendant Geico is the uninsured/underinsured motorist carrier for deceased Bassett and had a policy or policies in full force and effect on March 11, 2005.

20. Defendant Geico has received notice of Plaintiff's claims.

21. The full amount of the coverages of insurance is due from Defendant Geico to Plaintiff Bassett for his death.

22. This count is based upon §32-7-23 Code of Alabama (1975) as amended.

WHEREFORE, Plaintiff Bassett demands judgment against Defendant Geico in such an amount of punitive damages as a jury may award, plus costs and expenses which she shall incur as a result of this action.

_____
MICHAEL J. CROW (CRO039)

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 = office
(334) 954-7555 = fax

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
**OF COUNSEL**