IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSALYN BASSETT, as the Administratrix and personal representative of the Estate of TERRY BASSETT, SR., | * * * * * |
| Plaintiff, | * |
| v. | * CASE NO. 2:05cv1183F * * |
| KENNETH BRELAND; and GEICO CASUALTY COMPANY, | * * * |
| Defendants. | * |

**ANSWER OF KENNETH BRELAND**

COMES NOW the Defendant, Kenneth Breland, and answers the Plaintiff's Complaint as follows:

STATEMENT OF THE PARTIES

1. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

2. Admitted.

3. Admitted upon information and belief.

4. Admitted.

STATEMENT OF FACTS

5. Admitted upon information and belief.

6. Admitted.

7. The Defendant admits that the awning on the horse trailer was involved in the accident at issue in this case. The Defendant denies all liability and demands strict proof thereof.

8. The Defendant admits that the awning on the horse trailer was involved in the accident at issue in this case. The Defendant denies all liability and demands strict proof thereof.

9. The Defendant admits that the awning on the horse trailer was involved in the accident at issue in this case. The Defendant denies all liability and demands strict proof thereof.

10. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

11. This paragraph requires no response from this Defendant.

## COUNT ONE - NEGLIGENCE

12. Admitted or denied as set forth above.

13. Denied.

14. Denied.

## COUNT TWO - WANTONNESS

15. Admitted or denied as set forth above.

16. Denied.

17. Denied.

## COUNT THREE - UNDERINSURED MOTORIST

18. Admitted or denied as set forth above.

19. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph.

20. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph.

21. The Defendant denies all liability in this case and demands strict proof thereof.

22. This paragraph requires no response from this Defendant.

## DEFENSES

1. The Defendant denies all liability and demands strict proof thereof.

2. The Defendant pleads the defense of contributory negligence.

3. The Defendant pleads the defense of assumption of the risk.

4. The Defendant pleads the sudden emergency doctrine as a defense.

5. The Defendant pleads the doctrine of subsequent or intervening cause as a defense.

6. The Defendant submits that the alleged injuries and damages may have been caused by the wrongful conduct of others.

7. The Plaintiff's Complaint fails to state a claim for which relief can be granted.

8. The Defendant pleads the general issue.

9. No conduct, act or omission of this Defendant was the proximate cause of the death of Terry Bassett.

## CONSTITUTIONAL DEFENSES

1. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

3. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

5. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the fifth and fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United

States Constitution; and

  7. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

  8. Defendant avers that the Plaintiffs' demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth at § 6-11-21, Ala. Code 1975.

  9. The Defendant asserts that any punitive damages awarded against joint tortfeasors in this case should be apportioned according to each Defendant's proportionate degree of culpability. Any recovery of punitive damages by execution from a Defendant who does not deserve a penalty or who deserves a lesser penalty based upon his or her fault, others who may be culpable and deserving of the penalty go unpunished, is unconstitutional and inconsistent with the policy underlying punitive damages in Alabama.

          /s/ Alex L. Holtsford, Jr.
          ALEX L. HOLTSFORD, JR.

          /s/ S. Anthony Higgins
          S. ANTHONY HIGGINS
          Attorneys for Kenneth Breland

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 3rd day of January, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
P. O. Box 4160
Montgomery, AL 36103

    A copy of the foregoing has been served, via United States Mail, on the following:

GEICO Casualty Company
c/o Richard Ball
2000 Interstate Park
Suite 204
Montgomery, AL 36109

                                                /s/S. Anthony Higgins
                                                OF COUNSEL