IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN -3  P 3: 20

| | |
|---|---|
| ROSALYN BASSETT, as the Administratrix and Personal Representative of the Estate of TERRY BASSETT, SR.<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH BRELAND and GEICO CASUALTY COMPANY<br><br>Defendants. | Case No.: 2:05cv1183-F |

## ANSWER ON BEHALF OF GEICO CASUALTY COMPANY

**COMES NOW,** the Defendant Geico Casualty Company, and in response to the Plaintiff's Complaint states the following:

1. The Defendant generally denies each and every allegation contained within the Plaintiff's Complaint and demands strict proof thereof.

2. The Defendant denies it is responsible for any damages sustained by the Plaintiff and demands strict proof thereof.

3. The Defendant denies the Plaintiff was injured as a result of the negligent or wanton conduct of Kenneth Breland and demands strict proof thereof.

4. The Defendant denies the Plaintiff was injured by the negligent or wanton conduct of an underinsured or uninsured motorist and demands strict proof thereof.

5. The Defendant pleads as an affirmative defense contributory negligence.

6. The Defendant as an affirmative defense pleads assumption of the risk.

7. The Defendant as an affirmative defense pleads an intervening and superceding cause.

8. The Defendant as an affirmative defense pleads a lack of proximate cause.

9. The Defendant as an affirmative defense pleads the failure of the Plaintiff to mitigate damages.

10. The Defendant as an affirmative defense pleads its policy of insurance.

11. The Defendant as an affirmative defense pleads the constitutional protections afforded under the Constitutions of the United States of America and the State of Alabama.

12. The Defendant as an affirmative defense would show the award of punitive damages in this action is barred.

13. The Defendant as an affirmative defense would show that it provides only excess underinsured/uninsured motorist benefits above any liability policy provided to the Defendant Kenneth Breland and any policy of underinsured or uninsured motorist coverage provided for the vehicle occupied by the Plaintiff.

14. The Defendant pleads that venue is improper.

15. The Defendant reserves the right to assert additional defenses which are not currently known but which are learned through Discovery.

_____
GERALD C. SWANN, JR.    SWA005

OF COUNSEL:

**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
334/387-7680

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record this the __28__ day of __Dec__, 2005.

Michael J. Crow
Beasley, Allen, Crow, Methvin
    Portis & Miles
P O Box 4160
Montgomery, AL 36103

_____
OF COUNSEL