IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSALYN BASSETT, as the Administratrix and personal representative of the Estate of TERRY BASSETT, SR., | * * * * * |
| Plaintiff, | * |
| v. | * CASE NO. 2:05cv1183-WKW * * |
| KENNETH BRELAND; and GEICO CASUALTY COMPANY, | * * * |
| Defendants. | * |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P., 26(f), a meeting was held on January 19, 2006, and was attended by:

S. Anthony Higgins; Nix Holtsford Gilliland Higgins & Hitson, P.C., P. O. Box 4128, Montgomery, AL 36103-4128, (334) 215-8585; Attorney for Kenneth Breland;

Michael J. Crow, Beasley, Allen, Crow, Methvin, Portis & Miles, P. O. Box 4160, Montgomery, AL 36103; Attorney for Plaintiffs;

Gerald C. Swann, Ball, Ball, Matthews & Novak, 2000 Interstate Park, Suite 204, Montgomery, AL 36106; Attorney for GEICO.

The parties do not request a conference with the court before entry of the scheduling order.

1. Plaintiff's Contentions:

The Plaintiff contends that Defendant Breland, on March 11, 2005, was driving a pick-up truck with an attached horse trailer on Alabama Highway 183. At some time prior to meeting the deceased, while he was operating the vehicle, the awning on the Defendant's horse trailer became unattached and suspended in mid-air in the southbound lane of Alabama Highway 183. The suspended awning struck and killed Terry Bassett, deceased. Further, the Plaintiff contends that at the time of the incident in question, her late husband was insured under an automobile policy, which contained an underinsured motorist provision. This action is brought pursuant

to §6-5-410, Code of Alabama. Further, Plaintiff brings claims of negligence, wantonness, and uninsured motorist coverage.

    2. Defendant Breland's Contentions:

Defendant Breland denies the Plaintiff's claims of negligence and wantonness in this case. More specifically, the Defendant denies that he did anything to cause or contribute to the accident or the product failure which resulted in the death of Terry Bassett. The Defendant also asserts the various affirmative defenses set forth in its answer previously filed in this case.

    3. Defendant GEICO's Contentions:

GEICO contends that Kenneth Breland is not underinsured in this case. In addition, GEICO asserts the same defenses as Kenneth Breland.

    4. This jury action should be ready for trial by February 2007, and, at this time, is expected to take approximately 3 trial days.

    5. The parties request a pretrial conference in January 2007.

    6. Discovery Plan. The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the allegations of the Complaint as well as affirmative defenses asserted by the Defendant.

All discovery commenced in time to be completed by November 29, 2006.

    7. Initial Disclosures. The parties will exchange by February 17, 2006, the information required by Fed.R.Civ.P, 26(a)(1).

    8. The parties request until May 26, 2006, to join additional parties and amend the pleadings.

    9. Reports from retained experts under Rule 26(a)(2) due:
        from plaintiff(s) by May 26, 2006 - deposed by July 7, 2006
        from defendant(s) by August 4, 2006 - deposed by September 15, 2006

    10. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due 60 days prior to the trial. The parties have 30 days to depose any witness not previously disclosed. Objections must be filed within 14 days of receipt of list(s).

11. Discovery Limits.

Maximum of 50 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 10 depositions by plaintiff(s) and 10 by defendant(s). Each deposition limited to maximum of 8 hours unless extended by agreement of the parties.

Maximum of 50 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 50 requests for production of documents by each party to any other party. Responses due 30 days after service.

12. All potentially dispositive motions filed by, November 17, 2006.

13. Settlement cannot be evaluated prior to initial discovery being completed.

14. Other matters: None at this time.

Pursuant to the CM/ECF procedures, the undersigned parties certify that they are in agreement regarding the joint filing of this Report of Parties' Planning Meeting.

Date: January 20, 2006

/s/S. Anthony Higgins
S. ANTHONY HIGGINS
Attorney for Defendant Kenneth Breland

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, AL 36103-4128
Tel: 334-215-8585
Fax: 334-215-7101

/s/Michael J. Crow
MICHAEL J. CROW
Attorney for Plaintiff

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES
P. O. Box 4160
Montgomery, AL 36103
Tel: 334-269-2343

/s/Gerald C. Swann, Jr.
GERALD C. SWANN, JR.
Attorney for Defendant GEICO

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK
2000 Interstate Park, Suite 204
Montgomery, AL 36109
Tel: 334-387-7680