**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

ROSALYN BASSETT,           *

        *

     Plaintiff,        *

        *

v.                   *     CASE NUMBER: 2:05cv1183-MEF

        *

KENNETH BRELAND, et al.,    *

        *

     Defendants.     *

**ANSWER OF HART MANUFACTURING, INC.,**
**D/B/A HART TRAILERS**

COMES NOW the Defendant identified as Hart Manufacturing, Inc., d/b/a Hart Trailers, and as answer to the Plaintiff's first amended complaint, states as follows:

1.    With respect to the allegations set forth in Paragraphs 1 through 4, this Defendant is without sufficient information to admit or deny the same.

2.    With respect to the allegations set forth in Paragraphs 5 through 11, this Defendant is without sufficient information to admit or deny the same.

3.    The allegations set forth in Count One of the Plaintiff's complaint, based in negligence, do not state a claim against this Defendant and, as a result, no response is needed.

4.    The allegations set forth in Count Two of the Plaintiff's complaint, based in wantonness, do not state a claim against this Defendant and, as a result, no response is needed.

5.    The allegations set forth in Count Three of the Plaintiff's complaint, based on underinsured motorist coverage, do not state a claim against this Defendant and, as a result, no response is needed.

6.    With respect to the allegations set forth in Paragraph 23 of the Plaintiff's complaint as amended, this Defendant admits that it is a foreign corporation with its principal place of business in Chickasha, Oklahoma.  Defendant denies that it does business in the State of Alabama agent but admits that it has sufficient contacts with the State of Alabama to invoke the jurisdiction of this Court.  Defendant admits that it manufactured and sold a horse trailer DHL, LLC of Philadelphia, Mississippi but denies that it was in any way involved with the design, manufacture, installation, or sale of the awning attachment involved in Plaintiff's death.

7.    With respect to the allegations set forth in Paragraphs 24 and 25 of the Plaintiff's complaint, this Defendant is without sufficient information to admit or deny the same.

8.    The allegations set forth in Count One of the amended complaint based on the Alabama Extended Manufacturers Liability Doctrine are denied.

9.    The allegations set forth in Count Two of the Plaintiff's amended complaint based in negligence are denied.

10.    The allegations set forth in Count Three of the Plaintiff's amended complaint based in wantonness are denied.

11.    The Plaintiff's complaint in each and every paragraph thereof fails to state a cause of action upon which relief may be granted.

2.

12.    The death of the Plaintiff's decedent was the proximate result of the acts or omissions of persons other than this Defendant.

13.    Defendant pleads that the trailer manufactured by this Defendant was materially altered after it left the control of this Defendant by persons or entities other than this Defendant.

14.    Defendant denies that it was involved in any way in the design, manufacture, installation, or recommendations with respect to installation of the awning made the basis of Plaintiff's lawsuit.

15.    The Defendant avers that the punitive damages sought by the Plaintiff are in excess of the comparable maximums established for criminal fines by the Alabama legislature in Section 13 A-5-11 and Section 13A-5-12, Code of Ala., 1975.

16.    The Defendant avers that the claims of the Plaintiff for punitive damages under Alabama law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate the rights of this Defendant as guaranteed by the Fourteenth Amendment to the United States Constitution and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

17.    The Defendant avers that each claim for punitive damages on its face and/or as applied in this case is a violation of the due process clause of the Fifth Amendment of the Constitution of the United States, of the right to counsel provided by the Sixth Amendment, of the right to a trial by jury as provided by the Seventh Amendment, of the proportionality principles contained in the Eighth Amendment, of the due process clause

3.

of the Fourteenth Amendment and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the

Constitution of Alabama of 1901 on the following separate and several grounds:

a.    There are no standards provided by Alabama law for the imposition of punitive damages and, therefore, this Defendant has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their alleged wrongful conduct accordingly;

b.    The procedures to be followed would permit an award of punitive damages against this Defendant upon the satisfaction of a burden of proof less than that applicable to the imposition of criminal sanctions for equal culpability;

c.    The procedures to be followed in this case would permit multiple punitive damage awards for the same act or omission;

d.    There are no clear and consistent appellate standards of review of any award of punitive damages against this Defendant under present Alabama law;

e.    The standards of conduct upon which punitive damages are sought from this Defendant are vague and ambiguous;

f.    The procedures followed by Alabama courts and the guidelines given to jurors are vague and ambiguous in punitive damages cases;

g.    The procedures used by Alabama courts and the guidelines given to jurors are vague and ambiguous and thus impermissibly delegate to jurors basic policy matters;

h.    The procedures used by Alabama courts and the guidelines given to jurors are vague and ambiguous and thus impermissibly allow jurors broad and unlimited and undefined power to make determinations on their notions of what the law should be instead of what it is;

i.    The procedures pursuant to which punitive damages are awarded in Alabama and instructions used by the Alabama courts are vague and ambiguous and thus fail to eliminate the effects of and to guard against impermissible jury passion;

4.

j.      The present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, the amount to be awarded;

k.      The present Alabama law does not provide a meaningful opportunity for challenging the rational basis for any award of punitive damages;

l.      The present Alabama law does not provide a meaningful opportunity for challenging the excessiveness of any award of punitive damages;

m.      Section 6-11-20(a) and Section 6-11-20(b)(2)(b) of the Code of Ala., 1975, allows for an unconstitutional, irrebuttable, mandatory presumption ( definition of malice); and

n.      The present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

18.      The Defendant avers that the impositions of punitive damages in this case will violate the equal protection clause of the Fifth Amendment of the Constitution of the United States and the Fourteenth Amendment of the Constitution of the United States and will deprive this Defendant of the right of equal protection under the laws as provided in Article 1, Section 1, 6 and 22 of the Constitution of Alabama of 1901 on the following separate and several grounds:

a.      The Plaintiff seeks punitive damages in excess of the respective maximums as established by the Alabama Legislature in Section 13A-5-11 and Section 13A-5-12 of the Code of Ala., 1975, whereas those charged under criminal statutes for similar or identical conduct will have the benefit of the cited code provisions;

b.      The procedures to be followed will permit the award of punitive damages against this Defendant upon the satisfaction of a burden of proof less than the applicable standard in a criminal

5.

case for criminal sanctions involving similar or identical levels of conduct;

c.    The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants; and

d.    The Defendant, without procedural protection, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose such documents and/or evidence by constitutional procedures and safeguards and the safeguards which are available in criminal cases.

19    The Defendant avers that the Plaintiff's demand for punitive damages against this Defendant is unconstitutional under the constitution of Alabama of 1901 because such demand violates Article 1, Section 6 by claiming punitive damages which are penal in nature while this Defendant is compelled to disclose documents and/or other evidence without any constitutional safeguards against self-incrimination.

20.    The Defendant avers that by virtue of Alabama Code Section 6-11-20 punitive damages are not recoverable in this case.

21.    The Defendant avers that Alabama's post-verdict review procedure of punitive damages violates Article 1, Section 11 of the Alabama Constitution because it permits the court to review evidence not presented to the jury and apply legal standards on which the jury was not instructed.

22.    The Defendant avers that any award of punitive damages to this Plaintiff will constitute an excessive fine against this Defendant and will therefore violate the rights of this Defendant under the Eighth Amendment to Constitution of the United States.

23.     The Defendant avers that any award of punitive damages to the Plaintiff will violate the due process right of this Defendant under Article 1, Section 6 and Section 13 of the Constitution of Alabama.

24.     The Defendant avers that any award of punitive damages to the Plaintiff will violate the equal protection rights of this Defendant under the Fourteenth Amendment to the Constitution of the United States.

25.     The Defendant avers that any award of punitive damages against this Defendant will violate the excessive fines clause of the Eighth Amendment to the Constitution of the United States and/or will violate the excessive fine clause of Article 1, Section 16 of the Constitution of Alabama.

26.     The Defendant avers that the Plaintiff seeks punitive damages from this Defendant in excess of the respective maximums established by the Alabama Legislature and as set forth in the Alabama Code in Section 13A-5-11 and Section 13A-5-12 as Recompiled in 1975.

27.     The Defendant avers that the Plaintiff seeks punitive damages from this Defendant in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States in one or more of the following respects:

     a.     The punitive damages claimed by the Plaintiff in this case are vastly disproportionate to the actual damages allegedly sustained by the Plaintiff;

     b.     Any award of punitive damages to Plaintiff in this case will constitute an arbitrary and capricious taking of the property of this Defendant, a taking which is unjustified by any rationally stated purpose; and

      c.     Any award of punitive damages to the Plaintiff in this case with wholly standardless discretion is inconsistent with the due process rights of this Defendant.

28.    The Defendant avers that any award of punitive damages to the Plaintiff in this case will violate the Fourth, Fifth, Sixth, Eighth, Fourteenth Amendment rights of this Defendant to the United States Constitution and the rights of this Defendant under Article 1, Section 1, Section 6 and Section 22 of the Constitution of Alabama on the following several and separate grounds:

      a.     The procedures fail to provide a means for awarding punitive damages;

      b.     The procedures fail to provide a limit on the amount of the award of punitive damages;

      c.     The procedures fail to provide specific standards for the award of punitive damages;

      d.     The procedures permit the award of punitive damages upon the satisfaction of a standard proof which is less than that which is applicable to the imposition of criminal sanctions;

      e.     The procedures fail to provide a clear and consistent appellate standard of review regarding the award of punitive damages;

      f.     The procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

      g.     The standards of conduct upon which punitive damages are awarded under Alabama law are vague and/or arbitrary; and

      h.     The procedures permit the award of punitive damages based upon the satisfaction of a standard of proof which is less than what is applicable to other tortfeasors in other actions.

29.     The Defendant avers that any award of punitive damages against this Defendant cannot exceed the maximum as set by law and codified in Section 6-11-21 of the Code of Alabama as Recompiled in 1975.

30.     The Defendant avers that any award of punitive damages against this Defendant would violate the rights of this Defendant to the constitutional safeguards provided under the due process laws of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and not rationally related to any legitimate government interest.

31.     The Defendant avers that any award of punitive damages against this Defendant would violate Article 1, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty or property except by due process of law.

32.     The Defendant avers that any award of punitive damages to the Plaintiff would violate the procedural safeguards accorded to this Defendant under the First Amendment to the Constitution of the United States because punitive damages are penal in nature and consequently this Defendant is entitled to the same procedural safeguards as would be accorded to a criminal defendant.

33.     The Defendant avers that any award of punitive damages in favor of the Plaintiff against this Defendant would be a violation of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States because to impose punitive damages against the Defendant would be penal in nature.

34.     The Defendant avers that any award of punitive damages to the Plaintiff will constitute a violation of this Defendant's rights because to impose punitive damages

9.

against this Defendant which are penal in nature by requiring a burden of proof less than beyond a reasonable doubt is violative of this Defendant's rights.

35.    The Defendant avers that any award of punitive damages against this Defendant would be violative of the Eighth Amendment rights of this Defendant in that such damages will constitute an excessive fine in violation of the excessive fines clause of the Eighth Amendment of the United States Constitution.

36.    The Defendant avers that any award of punitive damages against this Defendant would be violative of Article 1, Section 15 of the Constitution of the State of Alabama as such damages will constitute an excessive fine.

37.    The Defendant avers that due process forbids vicarious punishment.

38.    The Defendant avers that due process permits punishment only upon proof by clear and convincing evidence.

39.    The Defendant avers that the Fourteenth Amendment of the Constitution of the United States affords due process protection against any excessive fine such as punitive damages.

40.    The Defendant avers that any award of punitive damages against this Defendant may result in the imposition of joint and several verdicts against multiple co-defendants and therefore punitive damages are improper.

41.    The Defendant avers that any award of punitive damages in this case will constitute a deprivation of property without due process of law as guaranteed by the due process clause of the Fifth Amendment in the due process clause of the Fourteenth Amendment of the United States Constitution.

42.    The Defendant avers that any award of punitive damages in this case will violate the prohibition against the laws which impair the obligation of contracts in violation of the contract clause, Article 1, Section 10, Clause 1 of the United States Constitution and Article 1, Section 22 of the Constitution of the State of Alabama.

43.    The Defendant avers that any award of punitive damages against this Defendant will violate the constitutional rights of this Defendant to access to the courts as guaranteed under the First and Fourteenth Amendments to the Constitution of the United States.

44.    The Defendant avers that this Defendant is entitled to a bifurcated trial on the issue of punitive damages under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

45.    The Defendant avers that any award of punitive damages in this case will violate the Fourth Amendment rights of this Defendant (unlawful seizure of property), the Fifth Amendment rights of this Defendant (the right against self-incrimination during discovery and during trial), and the Sixth Amendment rights of the Defendant (the right to a fair trial).

46.    The Defendant avers the "common law" rights under Section 13 of the Constitution of Alabama, 1901.

47.    The Defendant avers it is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages against a civil defendant which are penal in nature where the Plaintiff satisfies a burden of proof which is less than beyond a reasonable doubt which burden of proof would be required in a criminal case.

11.

48.    The Defendant avers that the procedures pursuant to which punitive damages are awarded in Alabama may result in the award of joint and several verdicts.

49.    The Defendant avers that the procedures pursuant to which punitive damages are awarded in Alabama fail to provide a reasonable limit on the amount of an award of punitive damages and thus said procedures violate the due process clause of the Fourteenth Amendment to the Constitution of the United States.

50.    The Defendant avers that the procedures pursuant to which punitive damages are awarded in Alabama fail to provide specific standards for the amount of punitive damages which violates the due process clause of the Fourteenth Amendment to the Constitution of the United States.

51.    The Defendant avers that the procedures pursuant to which punitive damages are awarded in Alabama result in the imposition of different penalties for the same or similar acts and this is violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution.

52.    The Defendant avers that the procedures pursuant to which punitive damages are awarded in Alabama permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringers upon the due process clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment and the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

53.    The Defendant avers that any award of punitive damages in favor of the Plaintiff in this case will violate the due process clause of Article 1, Section 6 of the Constitution of Alabama on the following separate and several grounds:

12.

a.   It is a violation of the due process clause to impose punitive damages which are penal in nature upon a civil defendant upon the satisfaction of a burden of proof which is less than beyond a reasonable doubt which is required in a criminal case;

b.   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award of punitive damages;

c.   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages; and

e.   Any award of punitive damages in this case will constitute a deprivation of property without due process of law.

54.   The Defendants aver that any attempt by the Plaintiff to impose punitive damages or extra-contractual damages upon this Defendant on the basis of vicarious liability violates the rights of this Defendant under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

55.   The Defendant avers that any award of punitive damages to the Plaintiff in this case will constitute deprivation of property without due process of law as is required by the Fifth and Fourteenth Amendments of the United States Constitution.

56.   The Defendant avers that the procedures pursuant to which penal damages are awarded under Alabama law permit the imposition of an excessive fine which violates Article 1, Section 15 of the Constitution of Alabama.

57.   The Defendant avers that the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the Legislature of Alabama as set forth in Code Section 27-1-17 which violates the due

13.

process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Section 6 of the Alabama Constitution.

58.    The Defendant avers that any award of punitive damages violates the due process clause of the Fourteenth Amendment of the United States Constitution and the double jeopardy clause of the Fifth Amendment of the United States Constitution as incorporated into the Fourteenth Amendment of the United States Constitution.

59.    The Defendant avers that the circumstances as alleged by the Plaintiff do not support and will not sustain a claim of punitive damages under Alabama law.

/s/ Dennis McKenna
DENNIS McKENNA (MCKED3744)
Counsel for Hart Manufacturing, Inc., d/b/a Hart Trailers
Prince, McKean, McKenna & Broughton, L.L.C.
P.O. Box 2866
Mobile, AL 36652
Phone:  251-433-5441
Fax:      251-431-0159
E-Mail:  dm@princemckean.com


/s/ J. Ritchie M. Prince
J. RITCHIE M. PRINCE (PRINJ1903)
Counsel for Hart Manufacturing, Inc., d/b/a Hart Trailers
Prince, McKean, McKenna & Broughton, L.L.C.
P.O. Box 2866
Mobile, AL 36652
Phone:  251-433-5441
Fax:      251-431-0159
E-Mail:  rp@princemckean.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 18th day of May, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

D. Michael Andrews, Esq.
Michael J. Crow, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103

John M. Gibbs, Esq.
Gibbs, Sellers, Vance & Bozeman, L.L.P.
P. O. Box 1276
Demopolis, AL 36732

Gerald Swann, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P. O. Box 2148
Montgomery, AL 36102

S. Anthony Higgins, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
P. O. Box 4128
Montgomery, AL 36103


/s/ Dennis McKenna
DENNIS McKENNA