## IN THE UNTIED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ROSALYN BASSETT, as the Administratrix and Personal Representative of the Estate of TERRY BASSETT, SR., <br><br> Plaintiff, <br><br> vs. <br><br> KENNETH BERLAND, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 2:05cv1183-MEF |

## DOMETIC CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Dometic Corporation and as in for an answer to plaintiff's amended complaint says as follows:

1. This defendant admits the allegations of paragraph one of the amended complaint.

2. This defendant admits the allegations of paragraph two of the amended complaint.

3. This defendant admits the allegations of paragraph three of the amended complaint.

4. This defendant denies sufficient knowledge or information to either admit or deny the allegations of paragraph four of the amended complaint. Therefore, at this time, this defendant denies the allegations of paragraph four of the amended complaint.

5. This defendant admits the allegations of paragraph five of the amended complaint.

6. This defendant admits the allegations of paragraph six of the amended complaint.

7. This defendant lacks sufficient knowledge or information to either admit or deny the allegations of paragraph seven of the amended complaint and therefore, denies the same and demands strict proof thereof.

8. This defendant lacks sufficient knowledge or information to either admit or deny the allegations of paragraph eight of the amended complaint and therefore, denies the same and demands strict proof thereof.

9. This defendant lacks sufficient knowledge or information to either admit or deny the allegations of paragraph nine of the amended complaint and therefore, denies the same and demands strict proof thereof.

10. This defendant lacks sufficient knowledge or information to either admit or deny the allegations of paragraph ten of the amended complaint and therefore, denies the same and demands strict proof thereof.

11. This allegation is confusing as phrased, therefore, this defendant can neither admit nor deny the allegations of paragraph eleven of the amended complaint and therefore denies the same.

## COUNT ONE

### Negligence

12. This defendant realleges its responses to paragraphs one through eleven by reference as fully set forth herein.

13. This defendant denies the allegations of paragraph thirteen of the amended complaint.

14. This defendant denies the allegations of paragraph fourteen of the amended complaint.

## COUNT TWO

### Wantonness

15. This defendant realleges its responses to paragraphs one through fourteen by reference as fully set forth herein.

16. This defendant denies the allegations of paragraph sixteen of the amended complaint.

17. This defendant denies the allegations of paragraph seventeen of the amended complaint.

## COUNT THREE

### Underinsured Motorist

18. This defendant realleges its responses to paragraphs one through seventeen by reference as fully set forth herein.

19. Paragraph nineteen of the amended complaint does not require a response from this defendant, to the extent that it does, this defendant denies substantive allegations of paragraph nineteen.

20. Paragraph twenty of the amended complaint does not require a response from this defendant, to the extent that it does, this defendant denies substantive of the allegations of paragraph twenty.

21. Paragraph twenty-one of the amended complaint does not require a response from this defendant, to the extent that it does, this defendant denies substantive of the allegations of paragraph twenty-one.

22. Paragraph twenty-two of the amended complaint does not require a response from this defendant, to the extent that it does, this defendant denies substantive of the allegations of paragraph twenty-two.

**AMENDING COMPLAINT**

23. This defendant denies sufficient knowledge to either admit or deny the allegations of paragraph twenty-three of the amended complaint and therefore deny the same and demand strict proof thereof.

24. This defendant denies sufficient knowledge to either admit or deny the allegations of paragraph twenty-four of the amended complaint and therefore deny the same and demand strict proof thereof.

25. This defendant admits that Dometic Corporation is a foreign corporation with its principal place of business in Elkhart, Indiana. This defendant also admits that Dometic Corporation designed, manufactured and/or sold the awning which was attached to the Breland's horse trailer. This defendant denies the remainder of paragraph twenty-five of the amended complaint.

**COUNT ONE (SIC)**

**AEMLD**

26. This defendant realleges its responses to paragraphs one through twenty-five by reference as fully set forth herein.

27. This defendant denies the allegations of paragraph twenty-seven of the amended complaint.

28. This defendant denies the allegations of paragraph twenty-eight of the amended complaint.

29. This defendant denies the allegations of paragraph twenty-nine of the amended complaint.

30. This defendant denies the allegations of paragraph thirty of the amended complaint.

31. This defendant denies the allegations of paragraph thirty-one of the amended complaint.

## COUNT TWO (SIC)

### Negligence

32. This defendant realleges its responses to paragraphs one through thirty-one by reference as fully set forth herein.

33. This defendant denies the allegations of paragraph thirty-three of the amended complaint.

34. This defendant denies the allegations of paragraph thirty-four of the amended complaint.

35. This defendant denies the allegations of paragraph thirty-five of the amended complaint.

36. This defendant denies the allegations of paragraph thirty-six of the amended complaint.

## COUNT THREE (SIC)

### WANTONNESS

37. This defendant realleges its responses to paragraphs one through thirty-seven by reference as fully set forth herein.

38. This defendant denies the allegations of paragraph thirty-eight of the amended complaint.

39. This defendant denies the allegations of paragraph thirty-nine of the amended complaint.

40. This defendant denies the allegations of paragraph forty of the amended complaint.

41.     This defendant denies the allegations of paragraph forty-one of the amended complaint.

42.     This defendant denies the allegations of paragraph forty-two of the amended complaint.

This defendant, having fully responded to the numbered paragraphs of plaintiff's amended complaint, hereby asserts the following affirmative defenses:

### FIRST DEFENSE

This defendant pleads the general issue, denies each and every material allegation of the complaint not specifically admitted, and demands strict proof thereof.

### SECOND DEFENSE

This defendant avers that there was no causal relation in fact between the activities of this defendant and the alleged defective condition of the awning.

### THIRD DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### FORTH DEFENSE

This defendant avers that plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

No acts or omissions by this defendant were the cause in fact or the proximate cause of death of the decedent.

### SIXTH DEFENSE

The decedent's death is the result of a superseding or intervening cause.

### SEVENTH DEFENSE

The actions or omissions complained of by plaintiff in plaintiff's complaint were not authorized by this defendant, nor were they in the control of this defendant.

### EIGHTH DEFENSE

This defendant denies that the awning referred to in plaintiff's complaint was defective or unreasonably dangerous at the time it was placed into the stream of commerce.

### NINTH DEFENSE

This defendant denies that the awning referred to in plaintiff's complaint was defective at the time of the instance complained of.

### TENTH DEFENSE

This defendant denies that the awning referred to in plaintiff's complaint was defective at the time it was designed, manufactured, and/or placed into the stream of commerce.

### ELEVENTH DEFENSE

This defendant avers that the awning manufactured by this defendant was designed and manufactured in accordance and in compliance with all known federal, state, and industries standards applicable at the time it was placed into the stream of commerce.

### TWELFTH DEFENSE

This defendant avers that the awning referred to in plaintiff's complaint was designed, manufactured and distributed with all available "state of the art" knowledge and technology.

### THIRTEENTH DEFENSE

This defendant avers that based upon the state of scientific skill and knowledge at the time the awning was placed on the market and distributed, the awning was reasonably safe and the benefits or utility of the awning exceeded any risk or dangers associated with it.

### FOURTEENTH DEFENSE.

Any verdict based upon plaintiff's claim for punitive damages or for compensatory damages would violate this defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety and amount of such damages violate the constitutional prohibition against vague and over broad laws.

### FIFTEENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in Code of Alabama § 13-A-4-11 and § 13-A-5-12 jointly and separately.

### SIXTEENTH DEFENSE

To the extent that plaintiff's demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this defendant, any award would contravene this defendant's rights to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of Article 1, Section 13 of the Alabama Constitution.  In addition, any award would infringe upon defendants' rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

        s/Brian Mosholder
        BRIAN MOSHOLDER (MOS-018)
        Attorney for Dometic Corporation

OF COUNSEL:
Carpenter, Ingram & Mosholder, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL 36106
Telephone: (334) 213-5600
Fax: (334) 213-5650

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the above and foregoing was served upon the below listed counsels of record by electronic filing on this 18th day of May, 2006.

D. Michael Andrews, Esq.
Michael J. Crow, Esq.
Bealey, Allen, Crow
  Methvin, Portis & Miles, P. C.
218 Commerce Street
Montgomery, AL 36106

Gerald Swann, Jr., Esq.
Ball, Ball, Matthews & Novack
2000 Interstate Park Drive, Ste. 204
Montgomery, AL 36102

S. Anthony Higgins, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson
P. O. Box 4128
Montgomery, AL 36103


        s/Brian Mosholder
        Attorney for Dometic Corporation

G:\6589\pleadings\answertoamendedcomplaint5.18.06emt.wpd