**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **ROSALYN BASSETT, As the Administratrix and Personal Representative of the Estate of TERRY BASSETT, SR.,** | § § § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | Case Number: 2:05-CV-1183-MEF |
| **KENNETH BRELAND, et al.,** | § § § | |
| **Defendants.** | § | |

## ANSWER OF OUTLAW CONVERSIONS LP

**COMES NOW** Defendant Outlaw Conversions LP ("Outlaw") and for answer to the First Amended Complaint ("Complaint") states as follows:

1. This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 1 and therefore the allegations in this paragraph are denied at this time.

2. This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 2 and therefore the allegations in this paragraph are denied at this time.

3. This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 3 and therefore the allegations in this paragraph are denied at this time.

4.      This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 4 and therefore the allegations in this paragraph are denied at this time.

**Response to "Statement of Facts"**

5.      This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 5 and therefore the allegations in this paragraph are denied at this time.

6.      This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 6 and therefore the allegations in this paragraph are denied at this time.

7.      This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 7 and therefore the allegations in this paragraph are denied at this time.

8.      This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 8 and therefore the allegations in this paragraph are denied at this time.

9.      This Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 9 and therefore the allegations in this paragraph are denied at this time.

10.     As paragraph 10 is not directed to Outlaw, no response is needed. To the

extent paragraph 10 is directed to Outlaw, paragraph 10 is denied and strict proof is demanded thereof.

    11.    Paragraph 11 is a legal conclusion to which no response is required.

## Response to "Count One, Negligence"

    12.    This Defendant adopts and incorporates its responses to all preceding paragraphs.

    13.    As paragraph 13 is not directed to this Defendant, no response it required. To the extent paragraph 13 is directed to this Defendant, paragraph 13 is denied and strict proof is demanded thereof.

    14.    As paragraph 14 is not directed to this Defendant, no response it required. To the extent paragraph 14 is directed to this Defendant, paragraph 14 is denied and strict proof is demanded thereof.

## Response to "Count Two, Wantonness"

    15.    This Defendant adopts and incorporates its responses to all preceding paragraphs.

    16.    As paragraph 16 is not directed to this Defendant, no response it required. To the extent paragraph 16 is directed to this Defendant, paragraph 16 is denied and strict proof is demanded thereof.

    17.    As paragraph 17 is not directed to this Defendant, no response it required. To the extent paragraph 17 is directed to this Defendant, paragraph 17 is denied and strict proof is demanded thereof.

**Response to "Count Three, Uninsured Motorist"**

18.     This Defendant adopts and incorporates its responses to all preceding paragraphs.

19.     As paragraph 19 is not directed to this Defendant, no response it required. To the extent paragraph 19 is directed to this Defendant, paragraph 19 is denied and strict proof is demanded thereof.

20.     As paragraph 20 is not directed to this Defendant, no response it required. To the extent paragraph 20 is directed to this Defendant, paragraph 20 is denied and strict proof is demanded thereof.

21.     As paragraph 21 is not directed to this Defendant, no response it required. To the extent paragraph 21 is directed to this Defendant, paragraph 21 is denied and strict proof is demanded thereof.

22.     As paragraph 22 is not directed to this Defendant, no response it required. To the extent paragraph 22 is directed to this Defendant, paragraph 22 is denied and strict proof is demanded thereof.

**Response to "Amending Complaint"**

23.     As paragraph 23 is not directed to this Defendant, no response it required. To the extent paragraph 23 is directed to this Defendant, paragraph 23 is denied and strict proof is demanded thereof.

24.     This Defendant admits that it is a limited partnership with its principal place of business in Texas. This Defendant denies all remaining allegations in paragraph 24 of the

Complaint.

25. As paragraph 25 is not directed to this Defendant, no response it required. To the extent paragraph 25 is directed to this Defendant, paragraph 25 is denied and strict proof is demanded thereof.

### Response to "Count One, AEMLD"

26. This Defendant adopts and incorporates its responses to all preceding paragraphs.

27. This Defendant denies the allegations in paragraph 27 and demands strict proof thereof.

28. This Defendant denies the allegations in paragraph 28 and demands strict proof thereof.

29. This Defendant denies the allegations in paragraph 29 and demands strict proof thereof.

30. This Defendant denies the allegations in paragraph 30 and demands strict proof thereof.

31. This Defendant denies the allegations in paragraph 31 and demands strict proof thereof.

### Response to "Count Two, Negligence"

32. This Defendant adopts and incorporates its responses to all preceding paragraphs.

33. This Defendant denies the allegations in paragraph 33 and demands strict proof

thereof.

    34.    This Defendant denies the allegations in paragraph 34 and demands strict proof thereof.

    35.    This Defendant denies the allegations in paragraph 35 and demands strict proof thereof.

    36.    This Defendant denies the allegations in paragraph 36 and demands strict proof thereof.

## Response to "Count Three, Wantonness"

    37.    This Defendant adopts and incorporates its responses to all preceding paragraphs.

    38.    This Defendant denies the allegations in paragraph 38 and demands strict proof thereof.

    39.    This Defendant denies the allegations in paragraph 39 and demands strict proof thereof.

    40.    This Defendant denies the allegations in paragraph 40 and demands strict proof thereof.

    41.    This Defendant denies the allegations in paragraph 41 and demands strict proof thereof.

    42.    This Defendant denies the allegations in paragraph 42 and demands strict proof thereof.

## DEFENSES

43. Unless otherwise admitted, this Defendant denies the allegations in the Plaintiff's Complaint and demands strict proof thereof.

44. This Defendant pleads lack of personal jurisdiction.

45. The Complaint fails to state a claim upon which relief can be granted.

46. This Defendant avers the affirmative defense of contributory negligence.

47. This Defendant avers the affirmative defense of assumption of the risk.

48. This Defendant's conduct was not the proximate cause of Terry Bassett's death.

49. The death made the basis of this suit was the result of an independent intervening cause or agency.

50. This Defendant avers that there is no causal relation between its actions and the death made the basis of this suit.

51. The Complaint is barred by the applicable statute of limitations.

52. The acts or omissions complained of by the Plaintiff were not authorized by this Defendant, nor were they in the control of this Defendant.

53. This Defendant avers that the products made the basis of this suit were designed and/or manufactured in accordance and in compliance with all known federal, state and industry standards applicable at the time it was placed into the stream of commerce.

54. This Defendant avers that the product made the basis of this suit was designed, manufactured and distributed with all available "state of the art" knowledge and technology.

55. This Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiff.

56. This Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

57. This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

58. This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

59. This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

60. This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Procedural Safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in

nature and consequently, this Defendant is entitled to the same Procedural Safeguards accorded to criminal defendants.

61. It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to seek to impose against this Defendant punitive damages, which are penal in nature, yet to compel this Defendant to disclose potential incriminating documents and evidence.

62. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this defendant punitive damages, which are penal in nature, yet compel these defendants to disclose documents and evidence.

63. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

    a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates

        the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

f)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment.

64.     Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

b)     It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

c)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

d)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

e)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

f)   The award of punitive damages in this case would constitute a deprivation of property without due process of law;

g)   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants.

65.   Plaintiff's attempt to impose punitive or extracontractual damages on this Defendant on the basis of vicarious liability for the conduct of others, violates, the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

66.   An award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

67.   An award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

68.   The complaint fails to state a claim for punitive damages under Alabama Code §§6-11-20 to 6-11-30 (1975) and is barred.

69.   It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to seek to impose against this Defendant punitive damages, which are penal in nature, yet compel these defendants to disclose evidence.

70.   This Defendant avers that the product made the basis of this lawsuit was

materially altered after it left the control of this Defendant by persons or entities other than this Defendant.

71.     This Defendant adopts and incorporates by reference any and all defenses asserted by the co-defendants in this matter.

72.     This Defendant pleads the applicability and limitations contained in Ala. Code (1975) § 6-11-21 with respect to the recovery of punitive damages.  This cap was reinstated by virtue of the Alabama Supreme Court's decisions in <u>Ex parte Apicella</u>, 809 So. 2d 865 (Ala. 2001), and <u>Ex parte Melouf</u>, 735 So. 2d 1172 (Ala. 1999).

73.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries and damages asserted in the Complaint, this Defendant's liability, if any, should be reduced accordingly.

74.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

75.     This defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

Respectfully submitted this the 12th day of June, 2006.


/s/ Austin Huffaker, Jr. _
ROBERT A. HUFFAKER (HUF003)
R. AUSTIN HUFFAKER, JR. (HUF006)
Attorneys for Outlaw Conversions LP

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON &
  &amp; GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3100 Telephone
(334) 262-6277 Facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    D. Michael Andrews
    Michael J. Crow
    BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
    218 Commerce Street
    Post Office Box 4160
    Montgomery, AL 36103-4160

    Gerald Swann, Jr.
    BALL, BALL, MATTEWS & NOVAK, P.A.
    Post Office Box 2148
    Montgomery, AL 36102-2148

    S. Anthony Higgins
    NIX, HOLTSFORD, GILLILAND, HIGGINS & HITSON
    Post Office Box 4128
    Montgomery, AL 36103-4128

    Dennis McKenna
    J. Ritchie M. Prince
    PRINCE, McKEAN, McKENNA & BROUGHTON, LLC
    Post Office Box 2866
    Mobile, AL 36652

    Brian Mosholder
    CARPENTER, INGRAM & MOSHOLDER, LLP
    303 Sterling Centre
    4121 Carmichael Road

Montgomery, AL 36106

                                              <u>/s/ Austin Huffaker, Jr.</u>
                                              OF COUNSEL