## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| ROSALYN BASSETT, as the administratrix and personal representative of the estate of Terry Bassett, Sr., ) ) ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 2:05-cv-1183-MEF |
| v. ) | |
| ) | |
| KENNETH BRELAND, et al., ) | |
| ) | |
| Defendants. ) | |

### SECOND AMENDED ANSWER OF DEFENDANT DOMETIC CORPORATION

Defendant Dometic Corporation ("Dometic"), hereby amends its answer to Plaintiff's

First Amended Complaint ("Complaint"), as stated fully herein:

### SPECIFIC RESPONSES

1.     On information and belief, Dometic admits the allegations contained in

paragraph 1 of the Complaint.

2.     On information and belief, Dometic admits the allegations contained in

paragraph 2 of the Complaint.

3.     On information and belief, Dometic admits the allegations contained in

paragraph 3 of the Complaint.

4.     Dometic is without knowledge or information sufficient to admit or deny the

allegations contained in paragraph 4 of the Complaint, accordingly, they are denied.

5.     On information and belief, Dometic admits the allegations contained in

paragraph 5 of the Complaint



EXHIBIT

A

6. On information and belief, Dometic admits the allegations contained in paragraph 6 of the Complaint.

7. Dometic is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint, accordingly, they are denied.

8. Dometic is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, accordingly, they are denied.

9. Dometic is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint, accordingly, they are denied.

10. Dometic is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint, accordingly, they are denied.

11. Dometic admits that plaintiff purports to bring this action pursuant to Alabama Code § 6-5-410, but denies that such treatment, or any recovery thereunder, is appropriate. Except as stated herein, the allegations contained in paragraph 11 of the Complaint are denied.

12. Dometic realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

13. The allegations of paragraph 13 of the Complaint are directed to other Defendants and do not require a response from Dometic. To the extent a response is required, Dometic denies the allegations contained in paragraph 13 of the Complaint.

14. The allegations of paragraph 14 of the Complaint are directed to other Defendants and do not require a response from Dometic. To the extent a response is required, Dometic denies the allegations contained in paragraph 14 of the Complaint.

15. Dometic realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

16.     The allegations of paragraph 16 of the Complaint are directed to other

Defendants and do not require a response from Dometic. To the extent a response is required,

Dometic denies the allegations contained in paragraph 16 of the Complaint.

17.     The allegations of paragraph 17 of the Complaint are directed to other

Defendants and do not require a response from Dometic. To the extent a response is required,

Dometic denies the allegations contained in paragraph 17 of the Complaint.

18.     Dometic realleges its responses to all proceeding paragraphs of the Complaint as

if fully set forth herein.

19.     The allegations of paragraph 19 of the Complaint are directed to other

Defendants and do not require a response from Dometic. To the extent a response is required,

Dometic denies the allegations contained in paragraph 19 of the Complaint.

20.     The allegations of paragraph 20 of the Complaint are directed to other

Defendants and do not require a response from Dometic. To the extent a response is required,

Dometic denies the allegations contained in paragraph 20 of the Complaint.

21.     The allegations of paragraph 21 of the Complaint are directed to other

Defendants and do not require a response from Dometic. To the extent a response is required,

Dometic denies the allegations contained in paragraph 21 of the Complaint.

22.     The allegations of paragraph 22 of the Complaint are directed to other

Defendants and do not require a response from Dometic. To the extent a response is required,

Dometic denies the allegations contained in paragraph 22 of the Complaint.

23.     Dometic is without knowledge or information sufficient to admit or deny the

allegations contained in paragraph 23 of the Complaint, accordingly, they are denied.

24.     Dometic is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 of the Complaint, accordingly, they are denied.

25.     Dometic admits that it is a foreign corporation with its principal place of business in Elkhart, Indiana. Dometic also admits that it designed, manufactured and/or sold the awning that was attached to the Brelands' horse trailer. Except as admitted herein, the allegations contained in paragraph 25 of the Complaint are denied.

26.     Dometic realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

27.     Except as previously stated herein, Dometic denies the allegations contained in paragraph 27 of the Complaint.

28.     Dometic denies the allegations contained in paragraph 28 of the Complaint.

29.     Dometic denies the allegations contained in paragraph 29 of the Complaint.

30.     Dometic denies the allegations contained in paragraph 30 of the Complaint.

31.     Dometic denies the allegations contained in paragraph 31 of the Complaint.

32.     Dometic realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

33.     Except as previously stated herein, Dometic denies the allegations contained in paragraph 33 of the Complaint

34.     Dometic denies the allegations contained in paragraph 34 of the Complaint.

35.     Dometic denies the allegations contained in paragraph 35 of the Complaint.

36.     Dometic denies the allegations contained in paragraph 36 of the Complaint.

37.     Dometic realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

4

38.    Except as previously stated herein, Dometic denies the allegations contained in

paragraph 38 of the Complaint.

    39.    Dometic denies the allegations contained in paragraph 39 of the Complaint.

    40.    Dometic denies the allegations contained in paragraph 40 of the Complaint.

    41.    Dometic denies the allegations contained in paragraph 41 of the Complaint.

    42.    Dometic denies the allegations contained in paragraph 42 of the Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Dometic denies the material allegations of the Complaint, separately and severally, and

demands strict proof thereof

### SECOND DEFENSE

The Complaint fails to state a claim against Dometic upon which relief can be granted.

### THIRD DEFENSE

Dometic denies that any conduct on its part was the proximate cause of the plaintiffs

claimed injuries and damages.

### FOURTH DEFENSE

Dometic's conduct was not in any manner negligent or wanton.

### FIFTH DEFENSE

Dometic denies that the plaintiff was injured or harmed in any way by any act or

omission by Dometic or any of its agents.

### SIXTH DEFENSE

Dometic contests the amount and nature of the damages claimed by the plaintiff in the

Complaint.

## SEVENTH DEFENSE

The plaintiff has failed to join necessary or indispensable parties.

## EIGHTH DEFENSE

The plaintiffs claims are barred in whole or in part by the applicable statute(s) of

limitations.

## NINTH DEFENSE

Plaintiff's claims for negligence and wantonness are subsumed into the Alabama

Extended Manufacturer's Liability Doctrine.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

## ELEVENTH DEFENSE

Some or all of plaintiffs claims are barred by Alabama law governing the abatement and

survival of actions.

## TWELFTH DEFENSE

Dometic denies that the product described in the Complaint was defective when it left

Dometic's possession.

## THIRTEENTH DEFENSE

Dometic avers that all of the plaintiffs alleged injuries and damages were caused by the

acts or omissions of others for whom Dometic owes no legal responsibility.

## FOURTEENTH DEFENSE

Dometic avers that plaintiff's claimed damages were the result of an independent,

superseding, and intervening event and that said event was the proximate cause of plaintiff's

damages, and the alleged defects in the subject product were not the proximate cause of plaintiff's alleged damages.

## FIFTEENTH DEFENSE

If it is established that this defendant is in any manner legally responsible for any of the damages claimed by plaintiff, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, this defendant is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## SIXTEENTH DEFENSE

Dometic avers that the product at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

(a)     It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this defendant's possession and control and that said modification(s) or alteration(s) were the proximate cause of the plaintiff's alleged injuries and damages.

(b)     The product was neither defective nor unreasonably dangerous.

(c)     The product was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

(d)     The manufacture and design of the product was well in keeping with the state of the art at the time of the manufacture of the product.

## SEVENTEENTH DEFENSE

Dometic avers that the product at issue was subject to abuse, neglect, or misuse that was not authorized by Dometic and that said abuse, neglect, or misuse proximately caused or contributed to cause the plaintiff's alleged injuries and damages.

## EIGHTEENTH DEFENSE

Plaintiffs implied warranty claims against Dometic are barred due to a lack of privity between plaintiff and Dometic.

## NINETEENTH DEFENSE

Plaintiff's implied warranty claims are barred because there are no implied warranty claims with the sale of used products.   Plaintiff's decedent purchased the awning in this case used, and, accordingly, plaintiff's breach of warranty claims are due to be dismissed.

## TWENTIETH DEFENSE

Plaintiff's claim based upon a theory of failure to recall or retrofit fails as a matter of law because Alabama law does not recognize such a cause of action.

## TWENTY-FIRST DEFENSE

Dometic denies that it failed to warn of any alleged danger or that any additional warnings would have been read or heeded.

## TWENTY-SECOND DEFENSE

The Complaint fails to state any claim for which punitive damages can be awarded.

## TWENTY-THIRD DEFENSE

Imposition of punitive damages against Dometic in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

## TWENTY-FOURTH DEFENSE

Any award of punitive damages based on anything other than Dometic's conduct in connection with the sale of the specific product that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama, because any other judgment for punitive damages in this case cannot protect Dometic against impermissible multiple punishment for the same wrong. In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of Alabama

## TWENTY-FIFTH DEFENSE

The procedure and methods asserted for awarding punitive damages against Dometic in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

## TWENTY-SIXTH DEFENSE

Any claim of punitive damages against Dometic cannot be sustained, because any award of such damages would constitute a retroactive impairment of contractual obligations, in violation of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

## TWENTY-SEVENTH DEFENSE

Any claim of punitive damages against Dometic cannot be sustained, because any award of such damages would violate the Commerce Clause of the United States Constitution (U.S. Const., Art. I, § 8, cl. 3).

## TWENTY-EIGHTH DEFENSE

Unless both Dometic's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate Dometic's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-NINTH DEFENSE

Any claim of plaintiff for punitive damages against Dometic cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate Dometic's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

## THIRTIETH DEFENSE

Any claim of plaintiff for punitive damages against Dometic cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate Dometic's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## THIRTY-FIRST DEFENSE

In 1987, the Alabama Legislature, in Ala. Code § 6-11-21, established a cap on punitive damages of $250,000.00, absent a showing of pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation. On June 25, 1993, the Alabama Supreme

10

Court released its opinion in *Henderson v. Alabama Power Co.*, 627 So. 2d 878 (Ala. 1993), and held that the cap on punitive damages established by Ala. Code § 6-11-21 violated the Alabama Constitution. On June 24, 1994, the United States Supreme Court released its opinion in *Honda Motor Co. Ltd. v. Oberg*, 512 U.S. 415 (1994). In its opinion, the Court specifically recognized that its previous opinions in *TXO* and *Haslip* prevent state courts from abolishing limits on punitive damage awards. The Court stated "[t]he *TXO* and *Haslip* opinions established that states cannot abolish limits on the award of punitive damages." *Oberg*, 512 U.S. at 431 n.9 (emphasis added). Pursuant to the Supremacy Clause of the United States Constitution, *Oberg* overrules the Alabama Supreme Court's opinion in *Henderson* and reestablishes the cap on punitive damages under Ala. Code § 6-11-21, prior to its readoption and effective date in 1999. In addition, the Alabama Supreme Court, in *Goodyear Tire and Rubber Co. and Nathaniel Willie Jefferson Brock v. Vinson*, 749 So. 2d 393 (Ala. 1999), has criticized the *Henderson* opinion and indicated its willingness to revisit its decision holding the cap unconstitutional.

## THIRTY-SECOND DEFENSE

Any claim of plaintiff for punitive damages against Dometic cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Alabama law would violate Dometic's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## THIRTY-THIRD DEFENSE

Any claim of plaintiff for punitive damages against Dometic cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages

11

award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Dometic, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate Dometic's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## THIRTY-FOURTH DEFENSE

Any claim of plaintiff for punitive damages against Dometic cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Dometic's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

## THIRTY-FIFTH DEFENSE

In 2003, the United States Supreme Court ruled in *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003), that awards exceeding a single-digit ratio between punitive damages and compensatory damages will rarely satisfy due process. Accordingly, any award of punitive damages in excess of a single-digit ratio to compensatory damages cannot be sustained because it would violate Dometic's rights under the Fourteenth Amendment to the United States Constitution.

## THIRTY-SIXTH DEFENSE

Any claim of plaintiffs for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Dometic's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## THIRTY-SEVENTH DEFENSE

Pursuant to Ala. Code § 6-11-21, punitive damages are limited to three times the compensatory damages awarded to the party claiming punitive damages, or $500,000.00, whichever is greater. This Code section became effective June 7, 1999, and applies to all actions commenced more than 60 days after such effective date. Therefore, an application of the punitive damages cap to the current action is appropriate and in full accord with the public policy of the State of Alabama.

## THIRTY-EIGHTH DEFENSE

Pursuant to Alabama Code § 6-11-21, punitive damages are limited to $500,000.00 absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

13

## THIRTY-NINTH DEFENSE

Pursuant to Alabama Code § 6 11 21, prior to the 1999 amendment, punitive damages are limited to $250,000.00, absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

## FORTIETH DEFENSE

Pursuant to Ala. Code § 6-11-21, Dometic is not liable for any portion of any award of punitive damages wherein there have been no express findings that Dometic engaged in conduct as defined in Ala. Code § 6-11-20. Dometic is not jointly and severally liable to plaintiff for any award of punitive damages.

## FORTY-FIRST DEFENSE

Under Ala. Code § 6-11-20, punitive damages are only recoverable if a plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Accordingly, plaintiff is not entitled to recover punitive damages for any alleged conduct other than intentional conduct.

## FORTY-SECOND DEFENSE

Dometic cannot be held liable for punitive damages in this case pursuant to Ala. Code § 6-11-27(a).

## FORTY-THIRD DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Dometic in this case.

14

## FORTY-FOURTH DEFENSE

The Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability, which plaintiff contends is applicable in this case, is constitutionally void in that:

(a) It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of this defendant with the result that:

i. It deprives this defendant, separately and severally, of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

ii. It deprives this defendant, separately and severally, of property without due process of law contrary to Article I, Section 6, of the State of Alabama Constitution and specifically contrary to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that the plaintiff is not entitled to recover in this cause against this defendant.

(b) It denies this defendant, separately and severally, the equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was or is imposed

15

upon other persons who are defendants under circumstances where the imposition of a higher
duty upon the manufacturer and/or seller would amount to an unreasonable classification, and
hence the plaintiff is not entitled to recover against this defendant.

(c)     The attempted imposition of strict liability in this case against this
defendant operates to deny this defendant equal protection of law contrary to the provisions of
the Constitution of the State of Alabama which require the State to afford all persons equal
protection of law with the result that the plaintiff is not entitled to recover against this defendant,
separately or severally, in this case.

**FORTY-FIFTH DEFENSE**

Dometic affirmatively alleges that the Wrongful Death Statute, 6-5-410 of the Code of
Alabama (1975), as it applies to joint tortfeasors, is unconstitutional in that it is punitive in
nature, yet there is no provision under the law of Alabama for the assessment of punitive
damages separately and severally against joint tortfeasors even though the Wrongful Death Act
is predicated upon the alleged enormity of the wrong committed by the tortfeasor. Therefore, this
Act, as it applies to joint tortfeasors, denies each and every defendant equal protection of the
laws and violates the United States Constitution.

**FORTY-SIXTH DEFENSE**

Dometic affirmatively alleges that the Wrongful Death Act of Alabama violates the
Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama
Constitution in that it allows for the imposition of an excessive fine against joint tortfeasors
without any consideration being allowed to be given by the jury to the degree of culpability a
defendant had, if any.

## FORTY-SEVENTH DEFENSE

Dometic alleges affirmatively that the Wrongful Death Act of Alabama is constitutionally void as to defendants and as applied to the acts and circumstances in this case in that:

(a)     It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action.

(b)     It operates to deny to defendants a fair opportunity to have the jury assess damages based on a defendant's alleged culpability for negligence which cannot be segregated from allegations of negligence against other defendants.

(c)     Because the allowable damages are entirely punitive and fail to provide for any compensatory damages, the Wrongful Death Act impermissibly creates a damage award that cannot be reviewed for the proportionality of punitive damages to compensatory damages, thereby impermissibly precluding application of the "proportionality" framework of review of punitive damage verdicts mandated by the United States Supreme Court.

(d)     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives defendants of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

(e)     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives defendants of property without due process of law contrary to Article 1, Section 6 of the Constitution of the State of Alabama which provides,

17

insofar as are germane, that no person shall be deprived of property except by due process of law.

## FORTY-EIGHTH DEFENSE

Dometic alleges that the determination and assessment of damages under Section 6-5-410 of the Code of Alabama (1975), can neither be read *in pari delicto*, nor *in pari materia*, thereby creating an unreasonable classification denying to defendants equal protection of the law under provisions of the Fourteenth Amendment of the Constitution of the United States and under the provisions of the Constitution of the State of Alabama, as well as depriving defendants of property without due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I Section 6 of the Constitution of the State of Alabama.

## FORTY-NINTH DEFENSE

Section 6-5-410 of the Code of Alabama (1975) is violative of the United States and Alabama Constitutions in that it deprives defendants of their right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Article I, Section 11 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than defendants or defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of defendants, if any.

## FIFTIETH DEFENSE

Plaintiff is not entitled to recover punitive damages under Alabama's Wrongful Death Act for Dometic's alleged negligent conduct.

18

## FIFTY-FIRST DEFENSE

An award of pain and suffering, mental anguish or emotional distress damages in this case will violate Dometic's due process and equal protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

## FIFTY-SECOND DEFENSE

To award plaintiff damages for alleged pain and suffering, mental anguish or emotional distress in the absence of any standards for the determination of pain and suffering, mental anguish or emotional distress and the absence of any requirement for corroborating or objective evidence of pain and suffering, mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Dometic avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution and for the other separate and several reasons stated herein.

## FIFTY-THIRD DEFENSE

Any claim plaintiff may assert for alleged mental anguish is barred absent a showing of actual physical injury or physical manifestation of mental anguish/emotional distress. Plaintiff is not entitled to recover damages for such alleged mental anguish unless plaintiff produces evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it, *i.e.*, the same standard applied for the tort of outrage claims.

## FIFTY-FOURTH DEFENSE

Any claim of plaintiff for punitive damages, mental anguish damages, or wrongful death damages against Dometic cannot be sustained, because any award of such damages under

Alabama law is not subject to sufficient assurance that juries are not basing that award upon their

desire to punish Dometic for alleged harm to persons who are not before the Court, which

amounts to a taking of property from Dometic without due process in violation of the Due

Process Clause of the United States Constitution as announced in *Philip Morris USA v. Williams*,

\_\_\_\_\_ U.S. \_\_\_\_\_, 2007 WL 505781 (Feb. 20, 2007). Specifically, "the Constitution's Due

Process Clause forbids a State to use a punitive damage award to punish a defendant for injury

that it inflicts upon nonparties or those whom they directly represent, *i.e.*, injury that it inflicts

upon those who are, essentially, strangers to the litigation" because: (a) in practice, such an

award can impose one State's (or one jury's) policies upon other States; (b) the defendant has no

opportunity to defend against the charge of harm to the nonparty by showing that the other

injured party was not entitled to recover; (c) permitting punishment for injury to a nonparty adds

a near standardless dimension to the punitive damages equation; and (d) there is no authority

supporting the use of punitive damages awards for the purpose of harming others. *See id.*

## FIFTY-FIFTH DEFENSE

Dometic asserts as a defense, credit or set-off against the damages claimed by the

plaintiff the settlement (and any monies paid pursuant thereto) between the plaintiff and any

other person or entity and also any monies paid to or on behalf of the plaintiff for injuries or

damages suffered in the incident made the basis of this case by any source.

## FIFTY-SIXTH DEFENSE

Dometic is entitled to a set-off of all amounts paid to the plaintiff by the defendants

pursuant to pro tanto settlements. To the extent that any damages claimed by the plaintiff have

been or will be indemnified in whole or in part from any collateral source, any verdict or

judgment against Dometic must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

## FIFTY-SEVENTH DEFENSE

Dometic reserves the right to further amend its Answer to add any additional affirmative

defenses or other defenses as additional information becomes available.

_____
One of the Attorneys for Defendant
Dometic Corporation

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
J. Chandler Bailey (BAI043)
Kevin E. Clark (CLA072)
Mitchell D. Greggs (GRE112)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this _____ day of _____, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to:

D. Michael Andrews
Michael J. Crow
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4106
334.269.2343
334.954.7555 (fax)

John M. Gibbs
GIBBS, SELLERS, VANCE &
BOZEMAN, L.L.P.
Post Office Box 1276
Demopolis, Alabama 36732
334.289.2255
334.289.2259 (fax)

Gerald C. Swann, Jr.
BALL, BALL, MATTHEWS & NOVAK,
P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
334.387.7680
334.387.3222 (fax)

S. Anthony Higgins
NIX, HOLTSFORD, GILLILAND,
HIGGINS & HITSON
Post Office Box 4128
Montgomery, Alabama 36103-4128
334.215.8585
334.215.7101 (fax)

Dennis McKenna
J. Ritchie M. Prince
PRINCE, MCKEAN, MCKENNA &
BROUGHTON
Post Office Box 2866
Mobile, Alabama 36652
251.433.5441
251.431.0159 (fax)

Robert A. Huffaker
R. Austin Huffaker, Jr.
RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101
334.206.3100
334.262.6277 (fax)

William P. Sawyer
TURNER, WILSON & SAWYER
Post Office Box 98
Montgomery, Alabama 36101-0098
334.262.2756

_____
Of Counsel