IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSALYN BASSETT, as the administratrix and personal representative of the estate of Terry Bassett, Sr., )<br>)<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>KENNETH BRELAND, *et al.*, )<br>)<br>Defendants. ) | CASE NO. 2:05-cv-1183-MEF |

## **O R D E R**

This cause is before the Court on GEICO Insurance Company's Motion to Intervene (Doc. # 61). In their Responses (Doc. ## 69 & 70) to the Motion, Defendants Dometic Corporation ("Dometic") and Outlaw Conversions, LP ("Outlaw") do not oppose GEICO Insurance Company's intervention on the "limited basis" of "intervening in this action to monitor the litigation and protect its interests." (*Id.*) However, they request that the Court order that GEICO Insurance Company not be allowed to "actively participat[e] in the discovery and trial of this case." (*Id.*) No other party responded to the Court's Order setting a briefing schedule (Doc. # 67). The Court entered an Order to show cause why it should not grant Defendants Dometic and Outlaw's request. (Doc. # 72.) In response, GEICO Insurance Company has represented to the Court that it has no interest in participating in discovery, and that it will only actively participate in the case by asking the jury to award it a subrogation interest if the jury finds for Plaintiff. (Doc. # 73.) The Court finds that the

requirements of Rule 24(b) of the Federal Rules of Civil Procedure are met in this case, and therefore GEICO Insurance Company's Motion (Doc. # 61) is due to be GRANTED.

DONE this the 4th day of April, 2007.

                                                   /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE