THE STATE OF ALABAMA

COUNTY OF ___PERRY___

COURT OF PROBATE

STATE OF ALABAMA
PERRY COUNTY
I CERTIFY THIS INSTRUMENT
WAS FILED ON:

## LETTERS OF ADMINISTRATION

Letters of Administration on the ESTATE of ___OF TERRY BASSETT, SR.___, Deceased, are hereby granted to ___ROSALYN BASSETT___ who has duly qualified and given bond as such Personal Representative, and is authorized to administer such estate. Subject to the priorities stated in Code of Alabama (1975, as amended) § 43-8-76, the said Personal Representative, acting prudently for the benefit of interested persons, has all the powers, without limitation, [EXCEPT for the powers in numbers____] authorized in transactions under Code of Alabama (1975, as amended) § 43-2-843, as follows:

2005 JUN 16 AM 10 31

RONALD E. COOK
JUDGE OF PROBATE

1. Retain assets owned by the decedent pending distribution or liquidation including those in which the representative is personally interested or which are otherwise improper for trust investment.

2. Receive assets from fiduciaries, or other sources.

3. Perform, compromise, or refuse performance of the decedent's contracts that continue as obligations of the estate, as the personal representative may determine under the circumstances. In performing enforceable contracts by the decedent to convey or lease land, the personal representative, among other possible courses of action, may do either of the following:

   a. Execute and deliver a deed of conveyance for cash payment of all sums remaining due or the purchaser's note for the sum remaining due secured by a mortgage or deed of trust on the land.

   b. Deliver a deed in escrow with directions that the proceeds when paid in accordance with the escrow agreement, be paid to the successors of the decedent, as designated in the escrow agreement.

4. Satisfy written charitable pledges of the decedent irrespective of whether the pledges constituted binding obligations of the decedent or were properly presented as claims, if in the judgment of the personal representative the decedent would have wanted the pledges completed under the circumstances.

5. If funds are not needed to meet debts and expenses currently payable and are not immediately distributable, deposit or invest liquid assets of the estate, including moneys received from the sale of other assets, in federally insured interest-bearing accounts, readily marketable secured loan arrangements, or other prudent investments which would be reasonable for use by trustees generally.

6. Abandon personal property when, in the opinion of the personal representative, it is valueless, or is so encumbered, or is in condition that it is of no benefit to the estate.

7. Vote stocks or other securities in person or by general or limited proxy.

8. Pay calls, assessments, and other sums chargeable or accruing against or on account of securities, unless barred by the provisions relating to claims.

9. Hold a security in the name of a nominee or in other form without disclosure of the interest of the

PLAINTIFF'S
EXHIBIT
5

estate but the personal representative is liable for any act of the nominee in connection with the security so held.

10. Insure the assets of the estate against damage, loss, and liability and the personal representative against liability as to third persons.

11. Borrow money without security or with security of personal property to be repaid from the estate assets or otherwise; and advance money for the protection of the estate.

12. Effect a fair and reasonable compromise with any debtor or obligor, or extend, renew, or in any manner modify the terms of any obligation owing to the estate. If the personal representative holds a mortgage, pledge, or other lien upon property of another person, the personal representative may, in lieu of foreclosure, accept a conveyance or transfer of encumbered assets from the owner thereof in satisfaction of the indebtedness secured by the lien.

13. Pay taxes, assessments, and other expenses incident to the administration of the estate.

14. Sell or exercise stock subscription or conversion rights; consent, directly or through a committee or other agent, to the reorganization, consolidation, merger, dissolution, or liquidation of a corporation or other business enterprise.

15. Enter for any purpose into a lease as lessor or lessee, with or without option to purchase or renew, for a term not to exceed one year.

16. Allocate items of income or expense to either estate income or principal, as permitted or provided by law.

17. Employ necessary persons, including appraisers, attorneys, auditors (who may include certified public accountants, public accountants, or internal auditors), investment advisors, or agents, even if they are associated with the personal representative, to advise or assist the personal representative in the performance of administrative duties; act without independent investigation upon recommendations of agents or advisors; and instead of acting personally, employ one or more agents to perform any act of administration, whether or not discretionary.

18. Prosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate and of the personal representative in the performance of duties of the personal representative.

19. Continue any unincorporated business or venture in which the decedent was engaged at the time of death as provided in any of the following:

    a. In the same business form for a period of not more than one year from the date of appointment of a general personal representative if continuation is a reasonable means of preserving the value of the business including good will.

    b. In the same business form for any additional period of time that may be approved by order of the court in a proceeding to which the persons interested in the estate are parties.

    c. Throughout the period of administration if the business is incorporated by the personal representative and if none of the probable distributees of the business who are competent adults object to its incorporation and retention in the estate.

20. Incorporate any business or venture in which the decedent was engaged at the time of death.

21. Provide for exoneration of the personal representative from personal liability in any contract entered into on behalf of the estate.

22. Satisfy and settle claims and distribute the estate as provided in Title 43 of the Code of Alabama 1975.

WITNESS my hand, and dated this 16th day of June, 2005

_____
Judge of Probate

2