IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ROSALYN BASSETT, as the Administratrix and Personal Representative of the Estate of TERRY BASSETT, SR., <br><br> Plaintiff, <br><br> vs. <br><br> KENNETH BRELAND, GEICO CASUALTY COMPANY, HART MANUFACTURING, INC. d/b/a HART TRAILERS, OUTLAW CONVERSIONS, LP, AND DOMETIC CORPORATION, <br><br> Defendants. | CASE NO.: 2:05cv1183-MEF <br><br> JURY DEMAND |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### Statement of the Parties

1.  Plaintiff Rosalyn Bassett is over the age of nineteen years and a citizen of the State of Alabama and has been appointed the administratrix and personal representative of the estate of Terry Bassett, Sr.

2.  Defendant Kenneth Breland is over the age of nineteen years and a citizen of the State of Mississippi.

3.  Defendant Geico Casualty Company (hereinafter referred to as "Geico") is a foreign corporation and is a citizen of the State of Maryland.

4.  This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §1332.



PLAINTIFF'S EXHIBIT 9

## Statement of Facts

5. On March 11, 2005, Terry Bassett, deceased, was driving his van south on Alabama Highway 183 at or near the city limits of Uniontown, Alabama.

6. On the same date and time, Defendant Breland was driving his pick-up truck with a horse trailer attached to it, north on Alabama Highway 183.

7. At some time prior to meeting Mr. Bassett's vehicle, the awning which was attached to the Defendant's horse trailer, became unattached on one end.

8. The end of the awning that became unattached was suspended in mid-air into the southbound lane of Alabama Highway 183.

9. The suspended awning from Defendant Breland's horse trailer struck and killed Terry Bassett as he operated his van.

10. Defendant Geico issued a policy of automobile insurance to deceased, Terry Bassett, which contained an underinsured motorist provision.

11. This accident is brought pursuant to §6-5-410 Code of Alabama (1975).

## COUNT ONE

### Negligence

12. Plaintiff realleges paragraphs 1 through 11 of the Complaint as if set out here in full.

13. At the said time and place, Defendant negligently operated his vehicle with actual or constructive notice that the awning was suspended in the southbound lane of Alabama Highway 183 and caused a hazardous condition for

drivers in the southbound lane and/or negligently failed to properly secured the awning to prevent it from becoming unattached and creating a hazardous condition for drivers using the public highways.

14. As approximate consequence of Defendant Breland's negligence, Terry Bassett was killed.

WHEREFORE, Plaintiff Rosalyn Bassett demands judgment against Defendant Breland in such an amount of punitive damages as a jury may award, plus her costs and expenses which she shall occur as a result of this accident.

## COUNT TWO

### Wantonness

15. Plaintiff Bassett realleges paragraphs 1 through 14 of the Complaint as if set out here in full.

16. At the said time and place, Defendant wantonly operated his vehicle with actual or constructive notice that the awning was suspended in the southbound lane of Alabama Highway 183 and caused a hazardous condition for drivers in the southbound lane and/or wantonly failed to properly secured the awning to prevent it from becoming unattached and creating a hazardous condition for drivers using the public highways.

17. As a proximate consequence of Defendant Breland's wantonness, Plaintiff Bassett was killed.

WHEREFORE, Plaintiff Bassett demands judgment against Defendant Breland in such an amount of punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this accident.

## COUNT THREE

### Underinsured Motorist

18. Plaintiff Bassett realleges 1 through 17 of the Complaint as if set out here in full.

19. Defendant Geico is the uninsured/underinsured motorist carrier for deceased Bassett and had a policy or policies in full force and effect on March 11, 2005.

20. Defendant Geico has received notice of Plaintiff's claims.

21. The full amount of the coverages of insurance is due from Defendant Geico to Plaintiff Bassett for his death.

22. This count is based upon §32-7-23 Code of Alabama (1975) as amended.

WHEREFORE, Plaintiff Bassett demands judgment against Defendant Geico in such an amount of punitive damages as a jury may award, plus costs and expenses which she shall incur as a result of this action.

## AMENDING COMPLAINT

23. Defendant Hart Manufacturing, Inc. d/b/a Hart Trailers (hereinafter referred to as "Hart Trailers") is a foreign corporation with its principal place of business in Chickasha, Oklahoma, and does business by agent in the State of Alabama. Said Defendant has sufficient contacts with the State of Alabama to invoke the jurisdiction of this Court. Defendant Hart Trailers designed, manufactured and/or sold the subject horse trailer including its warnings and safety devices.

24.     Defendant Outlaw Conversions, LP (hereinafter referred to as "Outlaw Conversions") is a foreign corporation with its principal place of business in Stephenville, Texas, and does business by agent in the State of Alabama. Said Defendant has sufficient contacts with the State of Alabama to invoke the jurisdiction of this Court. Defendant Outlaw Conversions designed, manufactured and/or sold the equipment that attached to the subject horse trailer including its awning and other attachments and safety devices.

25.     Defendant Dometic Corporation (hereinafter referred to as "Dometic") is a foreign corporation with its principal place of business in Elkhart, Indiana, does business by agent in the State of Alabama. Said Defendant has sufficient contacts with the State of Alabama to invoke the jurisdiction of this Court. Defendant Dometic designed, manufactured and/or sold the awning attached to the subject horse trailer and the latch which failed to hold the awning in place, which fell while the trailer was traveling, causing the death of Terry Bassett, Sr.

## COUNT ONE
## AEMLD

26.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of the original complaint as if set out here in full.

27.     Defendants Hart Trailers, Outlaw Conversions and Dometic designed, manufactured, built, assembled, inspected, and sold or distributed the subject horse trailer and/or awning that was attached, which is the subject of this lawsuit and which caused the death of Terry Basset, Sr.

28. The subject awning and trailer were unreasonably dangerous and defective in that it created an unreasonable risk of serious injury or death to expected or intended users.

29. The subject awning and trailer were unreasonably dangerous by design, manufacture, and warnings that accompanied it.

30. Defendants Hart Trailers, Outlaw Conversions, and Dometic failed to include necessary safety precautions and guards in their designs nor were any safety devices on the subject trailer and/or awning adequate or designed to meet industry standards.

31. As a direct and proximate consequence of the defective nature of the product(s), Terry Bassett, Sr. was injured and died.

WHEREFORE, Plaintiff Rosalyn Bassett demands judgment against Defendants Hart Trailers, Outlaw Conversions and Dometic in such an amount as a jury may award for compensatory and punitive damages, plus the cost of this action.

## COUNT TWO
## NEGLIGENCE

32. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 of the complaint as if set out here in full.

33. Defendants Hart Trailers, Outlaw Conversions, and Dometic negligently designed, manufactured, built, assembled, inspected, and sold or distributed the horse trailer and awning in a defective or unreasonably dangerous condition.

34. Defendants Hart Trailers, Outlaw Conversions, and Dometic negligently failed to warn of the potential hazards associated with the use of its subject trailer and/or awning and negligently failed to issue a notice of the hazard or recall regarding the hazard.

35. Defendants Hart Trailers, Outlaw Conversions, and Dometic negligently failed to include necessary safety precautions on the subject horse trailer and/or awning to prevent the incident that forms the basis for this lawsuit.

36. As a direct and proximate consequence of the negligence of Defendants, Hart Trailers, Outlaw Conversions, and Dometic, Terry Bassett, Sr. was injured and died as alleged.

WHEREFORE, Plaintiff Rosalyn Bassett demands judgment against Defendants Hart Trailers, Outlaw Conversions, and Dometic in such an amount as a jury may award for compensatory damages, plus the cost of this action.

## COUNT THREE
## WANTONNESS

37. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraph 1 through 36 of the complaint as if set out here in full.

38. Defendants Hart Trailers, Outlaw Conversions, and Dometic wantonly designed, manufactured, built, assembled, inspected, and sold or distributed the subject horse trailer and subject awning in a defective or unreasonably dangerous condition.

39. Defendants Hart Trailers, Outlaw Conversions, and Dometic knew or should have known that failing to design a reasonably safe product could result in severe injury and/or death to the expected or intended users.

40. Defendants Hart Trailers, Outlaw Conversions, and Dometic wantonly failed to warn of the potential hazards associated with the use of its product and wantonly failed to issue a notice of the hazard or recall regarding the hazard.

41. Defendants Hart Trailers, Outlaw Conversions, and Dometic wantonly failed to include necessary safety precautions and guards in its design nor were any safety devices on the awning or trailer adequate or designed to meet industry standards.

42. As a direct and proximate consequence of the wantonness of Defendants Hart Trailers, Outlaw Conversions, and Dometic, Terry Bassett, Sr. was injured and died as alleged.

WHEREFORE, Plaintiff Rosalyn Bassett demands judgment against Defendants Hart Trailers, Outlaw Conversions, and Dometic in such an amount as a jury may award for compensatory and punitive damages, plus the cost of this action.

/s/D. Michael Andrews
D. MICHAEL ANDREWS (AND076)
MICHAEL J. CROW (CRO039)

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 = office
(334) 954-7555 = fax

Mr. John M. Gibbs
Gibbs, Sellers, Vance & Bozeman, L.L.P.
Post Office Box 1276
Demopolis, Alabama 36732

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record as listed below.

                /s/D. Michael Andrews
                OF COUNSEL

Gerald Swann, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148

Mr. S. Anthony Higgins
Nix, Holtsford, Gilliland, Higgins & Hitson
Post Office Box 4128
Montgomery, Alabama 36103-4128